IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

ANDERSON DIVISION

| | |
|---|---|
| James Knox, ) | |
| ) | Civil Action No. 8:05-3236-MBS-BHH |
| Plaintiff, ) | |
| ) | |
| vs. ) | REPORT AND RECOMMENDATION |
| ) | |
| State of South Carolina and Henry ) | |
| McMaster, ) | |
| ) | |
| Defendants. ) | |
| ) | |

The plaintiff brought this action seeking relief pursuant to Title 42, United States Code, Section 1983. The plaintiff is proceeding in this action *pro se*. On January 18, 2006 the defendants filed a motion to dismiss for failure to prosecute. By order of this Court filed January 18, 2006, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary dismissal procedure and the possible consequences if he failed to respond adequately. On January 20, 2006, the defendants filed a supplemental motion to dismiss. A second *Roseboro* order was sent to the plaintiff on January 23, 2006, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), again advising the plaintiff of the summary dismissal procedure and the possible consequences if he failed to respond adequately. Despite this explanation, the plaintiff did not respond to the motion. In fact, the Court's mailings to the plaintiff were returned as undeliverable.

However, on March 17, 2006, the plaintiff filed a Notice of Change of Address with the Court. On March 20, 2006, the Court filed an order giving the plaintiff until April 12,

2006 to respond to the motions to dismiss. The motions were mailed to the plaintiff together with the original *Roseboro* orders.

On April 10, 2006 the plaintiff filed a motion for extension of time in which to respond to the motion to dismiss. By Order dated April 11, 2006, the Court granted the plaintiff's motion for an extension, giving the plaintiff until June 12, 2006 in which to respond. The plaintiff filed no response.

Accordingly, the Court issued an Order on June 19, 2006 giving the plaintiff through July 10, 2006, to file his response to the motions to dismiss. The plaintiff was advised that if he failed to respond, this action would be subject to dismissal for failure to prosecute pursuant to F.R.Civ.P. 41(b), and that the dismissal would be considered an adjudication on the merits, i.e., *with prejudice*.

As of the date of this Order, the plaintiff still had not responded to either of the motions to dismiss pending before the Court. Thus, it appears that the plaintiff no longer wishes to pursue this action. Accordingly, it is recommended that this action be dismissed *with prejudice* for lack of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and the factors outlined in *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir.1982). *See Ballard v. Carlson*, 882 F.2d 93 (4th Cir. 1989).

IT IS SO ORDERED.

s/Bruce H. Hendricks
United States Magistrate Judge

July 21, 2006

Greenville, South Carolina

2